**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARTIN STRAZNICKY, <br><br> Plaintiff, <br><br> vs. <br><br> ROMANA STRAZNICKA, <br><br> Defendant. | 3:18-cv-00394-RCJ-CBC <br><br> **ORDER** |

Plaintiff Martin Straznicky and Defendant Romana Straznicka are currently engaged in divorce proceedings in California. Meanwhile, Plaintiff has sued Defendant in diversity in this Court, alleging seven counts of defamation and two counts of intentional interference with contractual relations and/or prospective economic advantage under state law, based on statements Defendant allegedly made over the telephone about Plaintiff to third parties in Nevada, New Mexico, and California. Both parties are proceeding *in pro se*. Defendant moved to dismiss for lack of diversity, arguing that Plaintiff spent most of his time in California. The Court denied the motion, because Defendant did not deny that she resided in California, and Plaintiff made a sufficient showing that he resided in Nevada. While the first motion to dismiss

was pending, Defendant filed the present motion to dismiss, in which she argues there is no diversity because she is not an American citizen.[1]

As previously noted, if Defendant resides in California, which appears not to be in dispute, there is complete diversity, because Plaintiff has shown himself to be a resident of Nevada. *See* 28 U.S.C. § 1332(a)(1) (if Defendant is an American citizen); *id.* § 1332(a)(2) (if she is not, which now also appears to be settled via Defendant's admission in the present motion). As the Court also noted, if Defendant is not a permanent resident alien, i.e., if she is only present pursuant to a visa or is present unlawfully, she is diverse from Plaintiff even if they reside in the same state. *See id.* § 1332(a)(2). This all presumes, of course, that Plaintiff is himself an American citizen. If he is not, Congress cannot under Article III of the Constitution grant this Court power over any case between him and another alien, regardless of either of their immigration statuses. U.S. Const. art. III, § 2; *Yokeno v. Sekiguchi*, 754 F.3d 649, 657 (9th Cir. 2014). Defendant has not shown (or alleged) that Plaintiff is not an American citizen. But this may be because she does not realize the legal significance of the issue. Moreover, Plaintiff has not timely responded to the present motion, which can be deemed consent to its grant. Local R. 7-2. Given the circumstances, the Court will order Plaintiff to make a statement concerning his citizenship before ruling on the present motion. If he is not an American citizen, or if he fails to make a statement on the issue, the Court will dismiss for lack of jurisdiction. It is clear that Defendant is an alien. Without some evidence that Plaintiff is not, the Court cannot be satisfied of its power to proceed.

///

///

---

[1] Plaintiff also recounts various alleged wrongdoings by Plaintiff that are not relevant to the motion.

**CONCLUSION**

IT IS HEREBY ORDERED that a ruling on the Motion to Dismiss (ECF No. 8) is DEFERRED.

IT IS FURTHER ORDERED that Plaintiff shall file an affidavit or declaration within seven (7) days indicating whether he is an American citizen. Failure to comply with this order will result in dismissal for lack of jurisdiction without further notice.

IT IS SO ORDERED.

DATED: This 11th day of March, 2019.

_____
ROBERT C. JONES
United States District Judge