# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN STRAZNICKY,<br><br>    Plaintiff,<br><br>vs.<br><br>ROMANA STRAZNICKA,<br><br>    Defendant. | 3:18-cv-00394-RCJ-CBC<br><br>**ORDER** |

    Plaintiff Martin Straznicky and Defendant Romana Straznicka are currently engaged in divorce proceedings in California. Meanwhile, Plaintiff has sued Defendant in diversity in this Court, alleging seven counts of defamation and two counts of intentional interference with contractual relations and/or prospective economic advantage under state law, based on statements Defendant allegedly made over the telephone about Plaintiff to third parties in Nevada, New Mexico, and California. Defendant previously filed Motion to Dismiss for lack of subject-matter jurisdiction, which this Court denied. Presently before this Court, is Defendant's Motion to Dismiss 2 (ECF No. 8) again arguing that the Court does not have subject-matter jurisdiction.

    Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution or statute, and the party asserting federal jurisdiction—in this case, Plaintiff—bears the burden of overcoming the presumption against it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is original jurisdiction in the U.S. District Court over actions

between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[D]iversity jurisdiction is to be assessed at the time the lawsuit is commenced." *Freeport-McMoRan, Inc. v. K N Energy*, 498 U.S. 426, 428–29 (1991) (citing *Wichita R.R. & Light Co. v. Pub. Util. Comm'n of Kan.*, 260 U.S. 48, 54 (1922); *Clarke v. Mathewson*, 9 L. Ed. 1041 (1838); *Mollan v. Torrance*, 9 Wheat. 537 (1824)).

In her first motion, Defendant discusses Plaintiff's alleged violent behavior and threats toward her and others, but she does not appear to attack the sufficiency of the allegations under Rule 8(a) except to imply her allegedly defamatory statements were true. But Plaintiff has sufficiently alleged the falsity of the statements. Defendant's only argument for dismissal is based on lack of diversity. She claims Plaintiff spends most of his time in California and that his primary residence is in New Mexico. She does not allege Plaintiff's citizenship at the time of filing, however, and she does not appear to dispute Plaintiff's allegation that she herself is a citizen of California.

In her second motion, the only new assertion that affects subject-matter jurisdiction is that Plaintiff is not a citizen of the United States. However, Plaintiff has filed an affidavit attesting that he is a United States Citizen attaching a United States Passport and New York Birth Certificate. The Court has no reason to question the authenticity of these documents, so the Court *again* denies Defendant's motion *again* finding that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2).

The Court finds that these two motions are duplicative and cautions Defendant to refrain from relitigating issues previously addressed by this Court.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss 2 (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of May, 2019.

_____
ROBERT C. JONES
United States District Judge